# IN THE COURT OF APPEALS OF IOWA

No. 24-1620
Filed January 7, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Ryan Dale Dunn,**
Defendant–Appellant.

Appeal from the Iowa District Court for Story County,
The Honorable Stephen A. Owen, Judge.

**AFFIRMED**

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Badding, P.J., Sandy, J., and Bower, S.J.
Opinion by Badding, P.J.

**BADDING, Presiding Judge.**

Ryan Dunn was arrested on an outstanding warrant after police officers spotted him riding his bicycle in Ames. At the time of his arrest, Dunn was carrying a black backpack, which an officer removed before placing him in handcuffs. A pat-down of Dunn's person revealed a firearm. Inside the backpack, police found methamphetamine. The State charged Dunn for possessing a controlled substance in violation of Iowa Code section 124.401(5) (2024) and unlawfully carrying a dangerous weapon in violation of Iowa Code section 724.8B.

Dunn moved to suppress the methamphetamine. Citing *State v. Gaskins*, 866 N.W.2d 1 (Iowa 2015), he argued the warrantless search of the backpack violated his state and federal constitutional rights because he was fully restrained and the backpack was beyond his reaching distance when the officers began their search. Dunn also filed a motion to dismiss the gun charge, challenging section 724.8B as unconstitutional under the Second Amendment and article I, section 1A of the Iowa Constitution. The district court denied both motions. Dunn later entered a conditional guilty plea, preserving his constitutional questions for our review. *See* Iowa Code § 814.6(3).

While this appeal was pending, our supreme court filed a pair of decisions rejecting the same constitutional challenges Dunn raises here. In *State v. Scullark*, the court held that "the reaching-distance rule" applicable to vehicle searches "does not apply to searches of the arrestee's person incident to arrest." 23 N.W.3d 49, 58 (Iowa 2025) (declining to extend *Gaskins* to the personal-search context and concluding a fanny pack worn by the defendant at the time of arrest but removed in the course his handcuffing remained searchable). Later, in *State v. Woods*, the court upheld the

2

constitutionality of section 724.8B under both historical-tradition and strict-scrutiny review, finding neither the Second Amendment nor article I, section 1A guarantee a right "to carry a firearm while simultaneously in the illegal possession of a controlled substance." 23 N.W.3d 258, 274 (Iowa 2025).

These intervening decisions control the outcome in this case. Under both our state and federal constitutions, the backpack Dunn was wearing at the time of his lawful arrest was subject to a warrantless search, even after Dunn was restrained. *See Scullark*, 23 N.W.3d at 61. We need not grapple with the district court's separate conclusion that the inevitable-discovery rule applies. *See Jones v. State*, 938 N.W.2d 1, 2 (Iowa 2020) (noting an appellate court may affirm on any ground argued to the district court and urged on appeal). And as for Dunn's challenge to section 724.8B,[1] *Woods* squarely forecloses relief. *See* 23 N.W.3d at 274, 277. We therefore affirm the district court's rulings without further opinion. *See* Iowa Ct. R. 21.26(1)(c).

**AFFIRMED.**

---

[1] We construe Dunn's challenge to section 724.8B as a facial attack only. To the extent he raises an as-applied challenge, we deem that claim both unpreserved and waived. The district court did not evaluate the constitutionality of the statute as applied to Dunn's particular facts, and Dunn's appellate brief presents no meaningful argument in support of such a claim. *See State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022) ("[W]ell-reasoned appellate decisions depend on the benefit of developed arguments on both sides and lower court opinions squarely addressing the question." (cleaned up)).